McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 2003 PONTIAC GRAND PRIX, VIN: ) <br> 1G2WR52163F114111, CALIFORNIA ) <br> LICENSE 4ZLC890, ) <br> ) <br> Defendant. ) <br> _____) | 2:07-CV-1153 GEB-DAD <br><br> **STIPULATION FOR STAY OF FURTHER PROCEEDINGS AND ORDER THEREON [PROPOSED]** |

    Plaintiff United States of America, and Claimant Gloria Elaine Giannini, [hereafter "Claimant"], by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings pending the outcome of a related criminal case against Claimant now pending in this Court (<u>U.S. v. Gloria Giannini</u>, 2:07-CR-0018 EJG).

    1.  Claimant filed a claim to the defendant property on July 30, 2007.  No other parties have filed a claim in this forfeiture action.

    2. Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2), the

parties seek a stay of further proceedings in this case.  The United States contends that the defendant vehicle was purchased with the proceeds of a "specified unlawful activity" (wire fraud, a violation of 18 U.S.C. § 1343), and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).  The United States also contends that the defendant vehicle was involved in a money laundering transaction in violation of 18 U.S.C. § 1957 and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

3.   The United States intends to depose Claimant about the claim she filed in this case and the facts surrounding the investment scheme that promised an investor a high yield on his investment.  Instead, the investor lost more than $4,000,000 to claimant.  If discovery proceeds, Claimant would be placed in the difficult position of either invoking her Fifth Amendment right against self-incrimination and losing the ability to protect her alleged interest in the defendant property, or waiving her Fifth Amendment right and submitting to a deposition and potentially incriminating herself in the pending criminal matter.  If Claimant invokes her Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim she filed in this action.

4.   In addition, Claimant intends to depose law enforcement officers involved in the investigation that led to the federal indictment, and intends to depose the alleged victim of the fraudulent scheme.  Allowing depositions of these individuals would adversely affect the ability of the federal prosecutors to properly prosecute the case.

1    5.  Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon Claimant's ability to prove her claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties jointly request that this matter be stayed until the conclusion of the criminal case now pending in this Court.

Dated: August 28, 2007          McGREGOR W. SCOTT
                                United States Attorney

                        By      /s/Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney
                                Attorneys for Plaintiff
                                United States of America

Dated: August 31, 2007
                                /s/ Daniel A. Nicholson
                                DANIEL A. NICHOLSON
                                Attorney for Claimant
                                Gloria Elaine Giannini

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the related criminal case currently pending in federal court is resolved.

The status conference scheduled for September 17, 2007, is rescheduled to commence at 9:00 a.m. on March 17, 2008.  A joint

///
///

1  status report shall be filed no later than fourteen days prior to
2  the status conference.
3  IT IS SO ORDERED.
4  Dated:   September 6, 2007

                                          _____
                                          GARLAND E. BURRELL, JR.
                                          United States District Judge

4