BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States



FILED

JAN 13 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-01153-WBS-DAD |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| 2003 PONTIAC GRAND PRIX, VIN: 1G2WR52163F114111, CALIFORNIA LICENSE 4ZLC890, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil forfeiture action against a 2003 Pontiac Grand Prix, VIN: 1G2WR52163F114111, California License 4ZLC890 (hereafter "defendant vehicle") seized on or about January 17, 2007.

2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on or about June 14, 2007, alleging that said defendant vehicle is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

3.  On June 15, 2007, the Clerk issued a Warrant for Arrest for the defendant vehicle, and that warrant was duly executed on June 26, 2007.

4.  On July 26, 2007, a Notice of Arrest and Seizure of the defendant vehicle appeared by publication in the *Record Searchlight*, a newspaper of general circulation in

the county in which the defendant vehicle was seized (Shasta County). The Certificate of Publication was filed with the Court on August 6, 2007.

5. In addition to Public Notice of Arrest and Seizure, actual notice or attempted notice was given to the following individuals:

a. Gloria Giannini

b. Allee Enander

6. Claimant Gloria Giannini (hereafter "Claimant") filed a Claim on July 30, 2007. A Stay of Further Proceedings was entered on September 6, 2007, staying the case pending the resolution of the related criminal case, U.S. v. Gloria Giannini, 2:07-CR-00018-EJG and related appeal. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Allee Enander on January 10, 2014. Pursuant to Local Rule 540, the United States and claimant request that as part of this Final Judgment of Forfeiture the Court enter a default judgment against the interests, if any, of Allee Enander without further notice.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Claimant Gloria Giannini and all other potential claimants who have not filed claims in this action.

3. Payment of $5,000.00 as the substitute *res* in lieu of the defendant vehicle was not received by the United States on or before January 2, 2014 at 5 pm.

4. Upon entry of this Final Judgment of Forfeiture, the Internal Revenue Service ("IRS") shall be authorized to sell the defendant vehicle. After the sale, the IRS will pay gross proceeds up to $2,000.00 to Claimant. Such payment shall be made by IRS to Claimant, through her counsel of record Daniel Nicholson, within 60 days of the sale of the defendant vehicle. The United States shall receive all remaining amounts. Claimant

understands that while the IRS estimates the value of the car to be in excess of $2,000, should the IRS receive sale proceeds at auction less than $2,000.00, the IRS would not be required to pay Claimant funds in excess of the sale proceeds received by the IRS. Claimant's payment of $2,000.00, however, would be paid out of the sale proceeds first, and before other IRS costs such as the storage costs incurred by the IRS. Upon payment of the $2,000.00 by IRS to Claimant, Claimant agrees that her interest in the defendant vehicle shall terminate, the defendant vehicle shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law. Any net sale proceeds shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

5. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on June 14, 2007, the Court finds that there was reasonable cause for the seizure and arrest of the defendant vehicle, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. All parties are to bear their own costs and attorney's fees.

///
///
///
///
///

8. The U.S. District Court for the Eastern District of California, Hon. William B. Shubb, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS __13th__ day of __January__, 2014.

_____
WILLIAM B. SHUBB
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed June 14, 2007, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant vehicle, and for the commencement and prosecution of this forfeiture action.

Dated: 1/13/2014

_____
WILLIAM B. SHUBB
United States District Judge